IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDON MARQUIS PUGH, :
(AIS # 254312)
:
    Plaintiff,
:
vs.                                         CIVIL ACTION 13-589-CG-M
:
ASHLEY HORACE,
:
    Defendants.

**AMENDED REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of this action, Plaintiff's motion to amend complaint (doc. 7) is denied, and it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**I. Complaint.**

Plaintiff filed this § 1983 action on December 2, 2013, naming a sole defendant, Ashley Horace, liable for falsely reporting an incident which caused his probation to be revoked and criminal charges to be brought against him. (Doc. 1 at 5). The complaint states that he was wrongfully charged and

1

convicted of second-degree rape because the alleged victim, Defendant, was not a minor and was legally capable of consent and did consent to engage in sexual relations with him.[1] (*Id*. at 4). Plaintiff asks that "the effects that were brought about from this incident being falsely reported [] be reverse[d]." (*Id*. at 7).

Subsequently, on February 3, 2014, Plaintiff filed a motion to amend his complaint.[2] (Doc. 7). Plaintiff seeks to add Mobile County Police Detective Bridgford and Assistant District Attorney Gerald Deanie as defendants to this action. (*Id*. at 1). Plaintiff asserts that Detective Bridgford "coerced and significantly encouraged Ashley Horace . . . [by] frequently [visiting] at her home coercing her for trial." (*Id*.). Additionally, Plaintiff contends District Attorney Deanie

---

[1] Plaintiff ultimately pleaded guilty to the charge of second-degree rape but contends he should not have been charged with the crime, and his plea should not have been accepted because the complaint against him did not fulfill the elements needed pursuant to Ala. Code § 3A-6-32 (1975)(second-degree rape statute). (Doc. 1 at 4). He explains the criminal charges were due "to be dismissed and the court err[ed] by excepting [sic] [his] guilty plea for a crime that [he] couldn't commit," because Defendant Horace lied about the incident. Her birth certificate proves her age, and her level of function proves her ability to consent." (*Id*. at 5).

[2] A report and recommendation was entered on January 24, 2014, dismissing Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 6). However, on February 3, 2014, Plaintiff filed a motion for leave to file amended complaint. (Doc. 7). The Court reviewed this motion and will address its merit

2

"prosecuted the Plaintiff for an offense that he couldn't have been legally accountable for according to the evidence." (*Id*.).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[3] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[3]  The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Inv. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Iqbal*, 566 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat

4

as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis**

    A.   <u>Relief sought not proper in § 1983 action.</u>

Plaintiff's demand to have "the effects that were brought about from this incident being falsely reported to be reverse[d]" is essentially a request for release from imprisonment – which is a request for habeas corpus relief. *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995) ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated. . . . Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature.") (internal citations omitted). Habeas corpus is "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." <u>Id</u>. (citations omitted). Judgment in favor of Plaintiff in this action "would necessarily imply the invalidity of his

5

conviction" and is, therefore, not a § 1983 suit.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  A request for release from incarceration is not appropriate in a § 1983 action, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Allen v. Thompson*, 815 F.2d 1433, 1435 (11th Cir. 1987), but only through a properly plead habeas corpus action.  Therefore, Plaintiff's demand for "the effects [of] . . . this incident being falsely reported to be reverse[d]" in this § 1983 is frivolous as a matter of law.[4]

>    B.   Defendant is not considered a state actor.

Plaintiff's complaint alleges that Defendant Horace violated state law by falsely reporting a criminal incident and by committing criminal coercion against him giving rise to a claim under 42 U.S.C. § 1983.  (Doc. 1 at 5).  To prevail on a § 1983 cause of action, a plaintiff must show that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  Thus, for Plaintiff to sue Defendant Horace in this §

---

[4]   Plaintiff is not without judicial recourse.  He currently has two habeas corpus petitions pending with this court.  Therefore, Plaintiff has, and will have, ample opportunity to have any meritorious and nonfrivolous claims heard.  (*See* CA No.: 13-360-KD-M, filed July 15, 2013; CA No. 13-588-WS-B, filed December 2, 2013).

6

1983 action, she must be "a person acting under color of state law." However, the Court has determined that Ashley Horace is not under color of state law and, therefore, cannot be sued in a § 1983 action.

The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003)(citation omitted). For a defendant's actions to be under color of state law, such conduct must be "fairly attributable to the State," which in turn requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Harvey*, 949 F.2d at 1130 (citation omitted). "Only in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)(quoting *Harvey*, 949 F.2d at 1130). Indeed, a private entity such as Defendant Horace can qualify as a "state actor" under § 1983 only if one of the following three tests is satisfied: (a) a "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct; (b) a "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the

7

state; and (c) a "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise. *Rayburn*, 241 F.3d at 1347; *see also Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004). The "state actor" determination must be made on a case-by-case basis. *See Focus*, 344 F.3d at 1277.

Reading Plaintiff's original complaint in a light most favorable to him, the Court found no allegations made by Plaintiff that Defendant Horace conspired or collaborated in any way with the state that would suggest or imply a relationship or connection between the two. In fact, there was no association with Defendant and the state at all, besides Defendant filing the incident report against Plaintiff that lead to the revocation of his probation and new criminal charges being brought against him. And, it is clear that "[u]se of the courts by private parties does not constitute an act under color of state law." *Harvey*, 949 F.2d at 1133 (citing *Torres v. First State Bank of Sierra Cnty*, 588 F.2d 1322 (10th Cir. 1978); *Cobb v. Georgia Power Co.,* 757 F.2d 1248, 1251*52 (11th Cir. 1985) (obtaining temporary restraining order from state court did not constitute action under color of state law)).

8

While Plaintiff did seek to amend his complaint to plead coercion between Defendant Horace and Detective Bridgford, the allegations continue to lack factual support. (Doc. 7 at 1). Plaintiff's statement that Detective Bridgford "coerced and significantly encouraged Ashley Horace" by making frequent visits to Defendant Horace's home is a mere conclusory statements that "will not suffice," *Iqbal,* 556 U.S. at 678, to prove a claim of coercion or conspiracy which is needed to maintain that Defendant Horace was a state actor for purposes of § 1983.[5] Therefore, finding no correlation between Defendant and the state or its actors, Defendant's filing of an incident report, whether true or not, cannot be seen as an action "under color of state law." As such, Plaintiff has failed to state a valid § 1983 claim, and this action should be dismissed.[6]

---

[5] Plaintiff's motion to amend complaint to add Detective Bridgford as a defendant to this action is denied as futile, as Plaintiff's allegation against Detective Bridgford fails to state a claim upon which relief may be granted and would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Bell Twombly*, 550 U.S. at 557 (To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.); *Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[6] Plaintiff's motion to amend complaint also seeks to add Mobile County Assistant District Attorney Gerald Deanie as a defendant for prosecuting Plaintiff for an offense Plaintiff alleges he is not "legally accountable." (Doc. 7 at 1). As a prosecuting attorney, Deanie is "entitled to absolute prosecutorial immunity from damages in a § 1983 action for

**IV. Conclusion.**

Based upon the foregoing reasons, Plaintiff's motion to amend complaint is denied, and it is recommended that that this action against **Defendant Ashley Horace** be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

---

performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). This immunity encompasses acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Accordingly, any claims against Denie are not actionable in this § 1983 and would be dismissed with prejudice as frivolous. *Imbler*, 424 U.S. at 430-31.

Therefore, Plaintiff's motion to amend complaint (doc. 7) is denied as all claims he seeks to add are meritless.

10

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 10th day of February, 2014.

                                            BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE